# Exhibit C

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA
**23CV-1956-1**
Judge Jeffrey S. Bagley
JAN 11, 2024 09:49 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE SUPERIOUR COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| EVANS GENERAL CONTRACTORS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO.: 23CV-1956-1 |
| v. | ) | |
| | ) | |
| FLYNN BROTHERS CONTRACTING, INC. and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | ) ) ) ) | |
| Defendants. | ) | |

### FLYNN BROTHERS CONTRACTING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, the Defendant, Flynn Brothers Contracting, Inc. ("Flynn"), by counsel, and for its Answer and Affirmative Defenses to Evans General Contractors, LLC's ("Evans") Complaint hereby states as follows:

1. Flynn is without knowledge sufficient to admit or deny the allegations contained within Paragraph 1 of the Complaint, and therefore denies the same.

2. Flynn admits the allegations contained in Paragraph 2 of the Complaint.

3. Flynn admits the allegations contained in Paragraph 3 of the Complaint.

4. With respect to the allegations contained in Paragraph 4 of the Complaint, Flynn avers that to the extent said Paragraph calls for a legal conclusion, no response is required, and therefore denies the same. Further, with respect to the allegations contained in Paragraph 4 of the Complaint, Flynn avers that the document speaks for itself and is the best evidence of its contents, Flynn denies any allegation contained in Paragraph 4 of the Complaint that is inconsistent with, or in addition to, the contents set forth therein. Flynn denies any remaining allegation contained in Paragraph 4, and therefore denies the same.

5. Flynn admits the allegations contained in Paragraph 5 of the Complaint.

6. With respect to the allegations contained in Paragraph 6 of the Complaint, Flynn admits it entered into a Subcontract with the Plaintiff. Flynn further avers that the document speaks for itself and is the best evidence of its contents, Flynn denies any allegation contained in Paragraph 6 of the Complaint that is inconsistent with, or in addition to, the contents set forth therein. Flynn denies any remaining allegation contained in Paragraph 6. Flynn admits that Exhibit "1" to the Complaint appears to be a true and accurate copy of the Subcontract.

7. With respect to the allegations contained in Paragraph 7 of the Complaint, Flynn admits that it procured a bond from Travelers Casualty and Surety Company of America. Flynn further avers that the document speaks for itself and is the best evidence of its contents, Flynn denies any allegation contained in Paragraph 7 of the Complaint that is inconsistent with, or in addition to, the contents set forth therein. Flynn denies any remaining allegation contained in Paragraph 7. Flynn admits that Exhibit "2" to the Complaint appears to be a true and accurate copy of the Bond.

8. With respect to the allegations contained in Paragraph 8 of the Complaint, Flynn avers that the document speaks for itself and is the best evidence of its contents, Flynn denies any allegation contained in Paragraph 8 of the Complaint that is inconsistent with, or in addition to, the contents set forth therein. Flynn denies any remaining allegation contained in Paragraph 8.

9. With respect to the allegations contained in Paragraph 9 of the Complaint, Flynn avers that the document speaks for itself and is the best evidence of its contents, Flynn denies any allegation contained in Paragraph 9 of the Complaint that is inconsistent with, or in addition to, the contents set forth therein. Flynn denies any remaining allegation contained in Paragraph 9.

10. With respect to the allegations contained in Paragraph 10 of the Complaint, Flynn admits it received a letter dated September 12, 2023 from the Plaintiff. Flynn further avers that the document identified therein speaks for itself and is the best evidence of its contents, Flynn denies any allegation contained in Paragraph 10 of the Complaint that is inconsistent with, or in addition to, the contents set forth therein. However, Flynn denies any allegation contained in Paragraph 10 of the Complaint to the extent it alleges or infers that any portion of its work was faulty, defective, improper, and/or non-conforming, including, but not limited to, the stormwater basins. Flynn is without knowledge sufficient to admit or deny any remaining allegation contained in Paragraph 10, and therefore denies the same. Flynn admits that Exhibit "3" to the Complaint appears to be a true and accurate copy of the September 12, 2023 letter.

11. Flynn denies the allegations contained in Paragraph 11 of the Complaint, and asserts that on, or about September 19, 2023, Flynn notified Evans that it disagreed with Evans that its work was faulty, defective, improper, and/or non-conforming. Flynn further avers that Evans has released some, if not all issues identified in Paragraphs 10 and 11 of the Complaint by a prior settlement agreement between Flynn and Evans.

12. With respect to the allegations contained in Paragraph 12 of the Complaint, Flynn admits it received a letter dated September 28, 2023 from the Plaintiff. Flynn further avers that the document identified therein speaks for itself and is the best evidence of its contents, Flynn denies any allegation contained in Paragraph 12 of the Complaint that is inconsistent with, or in addition to, the contents set forth therein. However, Flynn denies any allegation contained in Paragraph 12 of the Complaint to the extent it alleges or infers that any portion of its work was faulty, defective, improper, and/or non-conforming, including, but not limited to, the construction of the entrance of the building, culver pipe, and/or edge key. Flynn i denies any remaining

allegation contained in Paragraph 12. Flynn admits that Exhibit "4" to the Complaint appears to be a true and accurate copy of the September 28, 2023 letter.

13. With respect to the allegations contained in Paragraph 13 of the Complaint, Flynn admits it received a letter dated October 4, 2023 from the Plaintiff. Flynn further avers that the document identified therein speaks for itself and is the best evidence of its contents, Flynn denies any allegation contained in Paragraph 13 of the Complaint that is inconsistent with, or in addition to, the contents set forth therein. However, Flynn denies any allegation contained in Paragraph 13 of the Complaint to the extent it alleges or infers that any portion of its work was faulty, defective, improper, and/or non-conforming, including, but not limited to, the grading at the berm on the east end of the building, the pavement subgrade, and/or patched asphalt. Flynn denies any remaining allegation contained in Paragraph 13.

14. With respect to the allegations contained in Paragraph 14 of the Complaint, Flynn avers that the document identified therein speaks for itself and is the best evidence of its contents, Flynn denies any allegation contained in Paragraph 14 of the Complaint that is inconsistent with, or in addition to, the contents set forth therein. However, Flynn denies any inference contained in Paragraph 14 that it was in default. Flynn denies any remaining allegation contained in Paragraph 14.

15. Flynn denies the allegations set forth in Paragraph 15 of the Complaint.

16. To the extent that Paragraph 16 of the Complaint alleges that Flynn has waived its ability to contest or challenge the Contractor's Decision pursuant to the rule established in *Holt & Holt, Inc. v. Choate Construction Company,* 271 Ga. App. 292 (2004), Flynn avers that such allegation calls for a legal conclusion to which no response is required, and therefore denies the same. Flynn denies all remaining allegations contained in Paragraph 16, including, but not limited

to, that neither it nor Travelers "cured the default or responded to or challenged the Contractor's Decision by filing a demand for arbitration within 30 days."

17. Flynn denies the allegations contained in Paragraph 17 of the Complaint.

## COUNT I – BREACH OF CONTRACT
### Against Flynn

18. In response to Paragraph 18 of the Complaint, Flynn incorporates, reasserts and re-alleges its responses to Paragraphs 1 through 17 as if fully set forth herein.

19. With respect to the allegations contained in Paragraph 19, Flynn avers that such allegations call for a legal conclusion to which no response is required.

20. Flynn is without knowledge sufficient to admit or deny the allegations contained in Paragraph 20 of the Complaint, and therefore denies the same.

21. Flynn denies the allegations contained in Paragraph 21 of the Complaint.

22. Flynn denies the allegations contained in Paragraph 22 of the Complaint.

23. Flynn denies the allegations contained in Paragraph 23 of the Complaint.

24. Flynn denies the allegations contained in Paragraph 24 of the Complaint.

## COUNT II – BREACH OF PERFORMANCE BOND
### Against Travelers

25. In response to Paragraph 25 of the Complaint, Flynn incorporates, reasserts and re-alleges its responses to Paragraphs 1 through 24 as if fully set forth herein.

26. Flynn admits the allegations contained in Paragraph 26 of the Complaint.

27. Flynn admits the allegations contained in Paragraph 27 of the Complaint to the extent it alleges that Evans is the Obligee on the Bond. Flynn denies all remaining allegations contained in Paragraph 27, including, but not limited to, any allegation that Evans is entitled to enforce the Bond.

28. With respect to the allegations contained in Paragraph 28 of the Complaint, Flynn avers that the document identified therein speaks for itself and is the best evidence of its contents, Flynn denies any allegation contained in Paragraph 28 of the Complaint that is inconsistent with, or in addition to, the contents set forth therein. Flynn denies any remaining allegation contained in Paragraph 28.

29. Flynn is without knowledge sufficient to admit or deny the allegations contained in Paragraph 29 of the Complaint, and therefore denies the same.

30. Flynn denies the allegations contained in Paragraph 30 of the Complaint.

31. Flynn denies the allegations contained in Paragraph 31 of the Complaint.

32. Flynn denies the allegations contained in Paragraph 32 of the Complaint.

COUNT III – DECLARATORY JUDGMENT
Against All Defendants

33. In response to Paragraph 33 of the Complaint, Flynn incorporates, reasserts and re-alleges its responses to Paragraphs 1 through 32 as if fully set forth herein.

34. With respect to the allegations contained in Paragraph 34 of the Complaint, Flynn avers that the document identified therein speaks for itself and is the best evidence of its contents, Flynn denies any allegation contained in Paragraph 34 of the Complaint that is inconsistent with, or in addition to, the contents set forth therein. Flynn denies any remaining allegation contained in Paragraph 34.

35. With respect to the allegations contained in Paragraph 35 of the Complaint, Flynn avers that the document identified therein speaks for itself and is the best evidence of its contents, Flynn denies any allegation contained in Paragraph 35 of the Complaint that is inconsistent with, or in addition to, the contents set forth therein. Flynn denies any remaining allegation contained in Paragraph 35.

36. With respect to the allegations contained in Paragraph 36, Flynn avers that such allegations call for a legal conclusion to which no response is required, and therefore denies the same.

37. In response to the allegations set forth in Paragraph 37 of the Complaint, Flynn admits that it did not file a demand for arbitration with the AAA challenging the contentions made in Evans' October 4, 2023 letter within 30 days after receipt of such letter. All other allegations set forth in Paragraph 37 of the Complaint are denied.

38. With respect to the allegations contained in Paragraph 38, including Sub-Paragraphs 38(a) and 38(b), Flynn avers that such allegations call for a legal conclusion to which no response is required, and therefore denies the same.

39. With respect to the allegations contained in Paragraph 39 of the Complaint, Flynn avers that such allegations call for a legal conclusion to which no response is required, and therefore denies the same.

40. With respect to the allegations contained in Paragraph 40 of the Complaint, Flynn avers that such allegations call for a legal conclusion to which no response is required, and therefore denies the same.

## COUNT IV – ATTORNEYS' FEES AND COSTS
### Against All Defendants

41. In response to Paragraph 41 of the Complaint, Flynn incorporates, reasserts and re-alleges its responses to Paragraphs 1 through 40 as if fully set forth herein.

42. With respect to the allegations contained in Paragraph 42 of the Complaint, Flynn avers that the document identified therein speaks for itself and is the best evidence of its contents, Flynn denies any allegation contained in Paragraph 42 of the Complaint that is inconsistent with,

or in addition to, the contents set forth therein. Flynn denies any remaining allegation contained in Paragraph 42.

43.     With respect to the allegations contained in Paragraph 43 of the Complaint, Flynn avers that the document identified therein speaks for itself and is the best evidence of its contents, Flynn denies any allegation contained in Paragraph 43 of the Complaint that is inconsistent with, or in addition to, the contents set forth therein. Flynn denies any remaining allegation contained in Paragraph 43.

44.     Flynn is without knowledge sufficient to admit or deny any remaining allegation contained in Paragraph 44, and therefore denies the same.

45.     Flynn denies the allegations contained in Paragraph 45 of the Complaint.

46.     Flynn denies all allegations in the Complaint not expressly admitted herein.

47.     To the extent a response is required, Flynn denies that Plaintiff is entitled to the relief demanded in the *ad damnum* clause.

## AFFIRMATIVE DEFENSES

**AFFIRMATIVE DEFENSE NO. 1** The Complaint fails to state a claim upon which relief can be granted.

**AFFIRMATIVE DEFENSE NO. 2** The Complaint is barred in whole or in part by the doctrine of release and waiver.

**AFFIRMATIVE DEFENSE NO. 3** The Complaint is barred in whole or in part, and/or subject to further discovery, by the doctrines of unclean hands, estoppel, laches, set-off, and/or statute of limitations.

**AFFIRMATIVE DEFENSE NO. 4** Evans's damages arise from the acts or omissions of others, over whom Flynn has no control, therefore the Complaint is barred either in whole or in part.

**AFFIRMATIVE DEFENSE NO. 5** Evans has failed to mitigate its damages, if any.

**AFFIRMATIVE DEFENSE NO. 6** Flynn hereby reserves the right to amend its Answer to assert any additional claims or defenses, affirmative or otherwise, when they become known through discovery.

**AFFIRMATIVE DEFENSE NO. 7** Flynn demands strict proof that Evans complied with all terms and conditions of the Bond.

**AFFIRMATIVE DEFENSE NO. 8** Plaintiff's claims are barred or subject to reduction due to an accord and satisfaction.

WHEREFORE, Defendant, Flynn Brothers Contracting, Inc., requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be rendered in its favor, that all costs be assessed against Plaintiff, and Defendant, Flynn Brothers Contracting, Inc. have such other and further relief as the Court may deem just and proper.

FLATT & DALE, PC

/s/  Kevin S. Dale
William D. Flatt
Georgia Bar No. 262827
Kevin S. Dale
Georgia Bar No. 328098
*Attorney for Defendants*

5555 Glenridge Connector, Suite 200
Atlanta, Georgia  30342
Telephone:  (404) 400-1794
Email:  wdf@flattdale.com
Email:  ksd@flattdale.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has served a copy of the foregoing FLYNN BROTHERS CONTRACTORS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES upon the parties of record via email address khudson@hlpwlaw.com abell@hlpwlaw.com and the court electronic filing system.

Dated this 11th day of January, 2024.

          **FLATT & DALE, PC**

          /s/  Kevin S. Dale
          William D. Flatt
          Georgia Bar No. 262827
          Kevin S. Dale
          Georgia Bar No. 328098
          *Attorney for Defendants*

5555 Glenridge Connector, Suite 200
Atlanta, Georgia  30342
Telephone:  (404) 400-1794
Email:  wdf@flattdale.com
Email:  ksd@flattdale.com